

DA 06-0223

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 97N

STATE OF MONTANA,

        Plaintiff and Appellee,

    v.

LORI ANN HOLLIS, a/k/a LORI ANN SPENCER,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Eighth Judicial District,
In and For the County of Cascade, Cause No. BDC-05-441
Honorable Julie Macek, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Carl B. Jensen, Attorney at Law, Great Falls, Montana

        For Appellee:

        Hon. Mike McGrath, Attorney General; Carol E. Schmidt, Assistant Attorney
General, Helena, Montana

        Brant Light, Cascade County Attorney; Susan Weber, Deputy County
Attorney, Great Falls, Montana

Submitted on Briefs:  September 12, 2007

Decided:  March 18, 2008

Filed:

                                Clerk

Justice John Warner delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2 Lori Hollis appeals from a judgment of the Eighth Judicial District Court, Cascade County, convicting her of felony forgery and deferring sentence for three years on conditions, including that she pay restitution.

¶3 In 2005, the State charged Hollis with one count of felony forgery, in violation of § 45-6-325(1)(a), MCA, and one count of misdemeanor theft, in violation of § 45-6-301(1)(a), MCA. The forgery charge was based on a report by Tony Ehnes that Hollis had stolen blank checks from him and forged over $1,700 in his name. Ehnes had reported that some money and prescription pills had disappeared at the same time. However, the affidavit in support of the motion to file the information made no reference to the pills or the money, and the information did not allege what had been stolen.

¶4 Hollis ultimately entered a plea agreement with the State in which she agreed to plead guilty to the forgery charge. In exchange, the State agreed to move for the dismissal of the misdemeanor theft charge and to recommend a three year deferred imposition of sentence. The plea agreement stated that Hollis would pay restitution, but it made no reference to the money or the pills.

2

¶5      Hollis pled guilty to the forgery charge, and on March 8, 2006, the District Court held a sentencing hearing. Ehnes testified that, at the time Hollis took the checks she later forged, she also took a jar of quarters worth an estimated $300 and some prescription pills that cost $30. He stated that he did not intend to use the pills and did not intend to replace them. Ehnes testified that he is self-employed and had to take time away from his business to deal with problems created by Hollis' forgeries. He estimated the value of his lost time at $320. He also paid $15 for a "stop payment" fee to his bank for one of the forged checks. Hollis objected to paying restitution for the missing quarters, the pills, and Ehnes' lost work time.

¶6      The District Court deferred the imposition of sentence for three years on the condition, inter alia, that Hollis pay $665 in restitution to Ehnes. Hollis now appeals the portion of the judgment requiring her to pay Ehnes $300 for stolen quarters, $30 for prescription pills, and $320 for lost time from his business.

¶7      We review a sentence for legality, determining only whether it is within the statutory parameters. *State v. McIntire*, 2004 MT 238, ¶ 13, 322 Mont. 496, ¶ 13, 97 P.3d 576, ¶ 13. We review a district court's findings of fact, including the amount of restitution, to determine whether they are clearly erroneous. *State v. Workman*, 2005 MT 22, ¶ 9, 326 Mont. 1, ¶ 9, 107 P.3d 462, ¶ 9.

¶8      Section 46-18-201(5), MCA, requires that "[i]n addition to any other penalties imposed, if a person has been found guilty of an offense . . . and the sentencing judge finds that a victim, as defined in 46-18-243, has sustained a pecuniary loss, the sentencing judge

3

shall, as part of the sentence, require payment of full restitution to the victim." Pecuniary loss includes:

> (a) all special damages, but not general damages, substantiated by evidence in the record, that a person could recover against the offender in a civil action arising out of the facts or events constituting the offender's criminal activities, including without limitation out-of-pocket losses, such as medical expenses, loss of income . . .
> (b) the full replacement cost of property taken, destroyed, harmed, or otherwise devalued as a result of the offender's criminal conduct.

Section 46-18-243(1), MCA.

¶9 A district court may impose restitution for losses related to an offense of which the defendant was not convicted if "there is a direct connection and correlation between the [offense] and the pecuniary loss to the victim." *McIntire*, ¶ 18.

¶10 The record does not show that Hollis was charged with theft of the quarters. The theft charge was dismissed. Hollis denied that she took the quarters, and she did not agree to pay restitution for them in her plea agreement. No direct connection and correlation between Hollis' offense of forgery and Ehnes' loss of the quarters appears. Thus, the District Court erred when it ordered her to pay $300 in restitution for the missing quarters. *McIntire*, ¶ 18.

¶11 Likewise, we conclude the District Court erred when it ordered Hollis to pay $30 in restitution for the prescription pills. The record does not demonstrate that Hollis was charged with taking the pills. In the plea agreement she did not admit that she had taken them and did not agree to pay restitution for them. Also, Ehnes affirmatively testified that he did not plan to use the pills, nor did he want to replace them. The pills were hydrocodone, which Ehnes could not legally sell or give away because they are classified as a dangerous

4

drug. Sections 45-9-101(1), 50-32-224(1)(a)(x), MCA. Thus, there was no pecuniary loss to Ehnes occasioned by their theft as required by § 46-18-201(5), MCA.

¶12 The District Court did not err when it ordered Hollis to pay $320 in restitution for Ehnes' lost time at work. Section 46-18-243(1)(a), MCA, plainly includes loss of income as one measure of pecuniary loss for which victims may receive restitution. This statutory mandate applies even though the victim is self-employed.

¶13 We affirm the judgment requiring Hollis to pay Ehnes restitution of $320 for his lost time, in addition to the $1,700 for the forged checks and the $15 stop-payment fee. We vacate that portion of the judgment requiring Hollis to pay $300 for missing quarters and $30 for the pills.

/S/ JOHN WARNER

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JIM RICE

5