
DA 07-0179

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 131

STATE OF MONTANA,

        Plaintiff and Appellee,

   v.

DAVID JOSEPH DESHAZO,

        Defendant and Appellant.

APPEAL FROM:    District Court of the Twenty-First Judicial District,
In and For the County of Ravalli, Cause No. DC 06-154
Honorable Jeffrey H. Langton, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

        Martin W. Judnich, Stevenson, Judnich & Associates, Missoula, Montana

        For Appellee:

        Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

        George Corn, Ravalli County Attorney; T. Geoff Mahar, Deputy County
Attorney, Hamilton, Montana

Submitted on Briefs:  February 20, 2008

Decided:  April 22, 2008

Filed:

_____
                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 David Deshazo (Deshazo) appeals the condition of his sentence imposed by the District Court of the Twenty-First Judicial District, Ravalli County, ordering him to refrain from possessing or consuming alcohol or entering places where intoxicants are the chief items of sale. We affirm.

¶2 We review the following issue on appeal:

¶3 *Did the District Court err when it imposed an alcohol condition as part of Deshazo's sentence?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Ravalli County investigators obtained a search warrant for the home and property of Deshazo in August of 2006. Investigators discovered thirty-eight live marijuana plants growing on Deshazo's property. Some of the plants reached four feet in height. Investigators found a small potted marijuana plant, processed marijuana, and related drug paraphernalia inside Deshazo's home. Ravalli County officers arrested Deshazo. The officers found a marijuana pipe on Deshazo at the time of his arrest. Deshazo pled guilty to a single charge of producing or manufacturing dangerous drugs in violation of § 45-9-110(1)(4), MCA.

¶5 The Department of Corrections submitted a pre-sentence report. The report detailed Deshazo's lengthy history of substance abuse. Deshazo revealed that, until the time of his arrest, he had used marijuana on a daily basis since the age of sixteen. Deshazo was thirty-four years old at the time of the report. Deshazo also admitted that he previously had used

2

cocaine, methamphetamine, hallucinogenic mushrooms, and lysergic acid diethylamide (LSD).

¶6 Deshazo asserted that he does not abuse alcohol. He stated that he limited his alcohol consumption to an occasional drink on holidays. Deshazo completed chemical dependency treatment in November of 2006.

¶7 The District Court held a sentencing hearing on February 28, 2007. The State conceded at the hearing that alcohol did not have a direct connection to Deshazo's underlying offense. The District Court imposed a deferred sentence for a period of three years subject to conditions. The court's sentence included a provision prohibiting Deshazo from possessing or consuming intoxicants, including alcohol. The condition also prohibited Deshazo from entering any place where intoxicants constitute the chief items of sale. Deshazo appeals on the sole ground that the alcohol restriction constitutes an impermissible condition of his probation.

## STANDARD OF REVIEW

¶8 We recently have determined that we will review some criminal sentences for both legality and abuse of discretion. *State v. Ashby*, 2008 MT 83, ¶¶ 8-9, 342 Mont. 187, ¶¶ 8-9, __ P.3d __, ¶¶ 8-9. We noted in *Ashby* that the sentencing statutes authorize conditions of probation that constitute "reasonable restrictions" necessary for either an offender's rehabilitation or for the protection of the victim or society. *Ashby*, ¶ 9 (citing § 46-18-201(4), MCA). We confirmed in *Ashby*, however, that a sentence always must fall within statutory parameters. *Ashby*, ¶ 8. We first review a condition of probation for legality.

3

*Ashby*, ¶ 9. We then will review a condition of probation for an abuse of discretion. *Ashby*, ¶ 9.

## DISCUSSION

¶9     Deshazo argues that the alcohol restriction included by the District Court constitutes an illegal condition. He asserts that the fact that alcohol did not relate or contribute to his underlying offense precluded the District Court from including the alcohol restriction as a condition of probation.

¶10     We recently have revisited the relationship between a sentencing condition and a defendant in our decision in *Ashby*. *Ashby*, ¶ 15. We previously had required a sentence or condition to have a correlation or connection with the underlying offense. *State v. Ommundson*, 1999 MT 16, ¶ 11, 293 Mont. 133, ¶ 11, 974 P.2d 620, ¶ 11. We expanded in *Ashby* the rule set forth in *Ommundson*, allowing judges to impose sentencing conditions that relate either to the underlying offense or to the offender. *Ashby*, ¶ 15.

¶11     We also have determined that a sufficient nexus exists between alcohol restrictions and drug-related offenses. *State v. Winkel*, 2008 MT 89, ¶ 14, 342 Mont. 267, ¶ 14, __ P.3d __, ¶ 14. We concluded in *Winkel* that a condition prohibiting the possession or ingestion of intoxicants would serve to rehabilitate a person convicted of possession of a dangerous drug and possession of drug paraphernalia. *Winkel*, ¶ 14. This Court found more support for the alcohol restriction in light of Winkel's extensive history of substance abuse. *Winkel*, ¶ 15. We noted that Winkel began using drugs at an early age, had admitted to regular substance abuse, and had tried a variety of illegal substances. *Winkel*, ¶ 15.

4

¶12    Like the defendant in *Winkel*, Deshazo faced the imposition of a sentence after pleading guilty to a serious drug-related charge.  The pre-sentence report revealed that Deshazo had started using marijuana at an early age, had admitted to using marijuana on a daily basis for an extended period of time, and had used a variety of illegal substances.  The District Court included the alcohol restriction in an attempt to aid in Deshazo's rehabilitation given Deshazo's addictive tendencies.  We conclude that the alcohol condition included in Deshazo's sentence had a sufficient nexus to both the underlying offense and to Deshazo. *Ashby*, ¶ 15.

¶13    Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ PATRICIA COTTER
/S/ JOHN WARNER
/S/ W. WILLIAM LEAPHART