
DA 07-0230

IN THE SUPREME COURT OF THE STATE OF MONTANA

2008 MT 130

STATE OF MONTANA,

       Plaintiff and Appellee,

  v.

AARON JAMES TEETS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DC 06-160A
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

          Gregory Hood, Assistant Public Defender, Kalispell, Montana

      For Appellee:

          Hon. Mike McGrath, Attorney General; Mark W. Mattioli, Assistant
Attorney General, Helena, Montana

          Ed Corrigan, Flathead County Attorney; Timothy K. Wenz, Deputy County
Attorney, Kalispell, Montana

Submitted on Briefs:  February 20, 2008

Decided:  April 22, 2008

Filed:

_____
                  Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1 Aaron Teets (Teets) appeals the conditions of his sentence imposed by the District Court of the Eleventh Judicial District, Flathead County, ordering him to refrain from possessing alcohol or entering places where intoxicants are the chief items of sale and requiring him to submit to alcohol testing. We affirm.

¶2 We review the following issue on appeal:

¶3 *Did the District Court err when it imposed the alcohol conditions as part of Teets's sentence?*

## FACTUAL AND PROCEDURAL BACKGROUND

¶4 Teets sustained severe injuries as a result of a motorcycle accident. He underwent reconstruction surgery on his left leg. Teets received a prescription for Percocet to help relieve his pain. Teets's physician had written the prescription for fifty pills. Teets altered the prescription amount from fifty pills to one-hundred and sixty pills and presented it to a pharmacist at Walgreen's Pharmacy. The pharmacist confronted Teets about the prescription amount. Teets asserted that his physician had altered the prescription's quantity to accommodate Teets's rising level of pain. The pharmacist reported a forged prescription to the Flathead County Sheriff's Office.

¶5 Teets pled guilty to the charge of fraudulently obtaining dangerous drugs, a violation of § 45-9-104(3), MCA. The Department of Corrections submitted a pre-sentence report. Teets's report revealed that Teets had no criminal history. Teets asserted that he had not tried alcohol until his twenty-first birthday. He claimed that he had an occasional drink with dinner and did not abuse drugs.

2

¶6    The pre-sentence report presented Teets's alleged substance use with skepticism. The report noted Teets's assertions that he had not abused drugs at any time. The report also noted, however, that at one point in the investigation Teets had told his physician that a friend had altered the prescription. The report revealed that during his pre-sentence interview Teets had denied forging the prescription. Teets also had denied attempting to pass the prescription at a pharmacy.

¶7    The District Court held a sentencing hearing on February 22, 2007. Teets argued at the hearing that he did not have an alcohol problem. He asserted that the proposed condition prohibiting him from possessing alcohol or entering businesses centered around the sale of alcohol constituted an illegal condition. The District Court acknowledged that it could not impose alcohol restrictions as standard conditions. The court reasoned, though, that "an offense that involves the abuse of chemicals is appropriately connected with use of alcohol."

¶8    The District Court imposed a deferred sentence for a period of two years subject to conditions. The court's sentence included a provision prohibiting Teets from possessing or consuming intoxicants, and prohibiting Teets from entering any place where intoxicants constitute the chief items of sale. The sentence also included a condition that required Teets to submit to alcohol testing. The sentence provides Teets's probation officer with the authority to waive either condition. Teets appeals the alcohol-related conditions of his probation.

## STANDARD OF REVIEW

¶9 Our recent decision in *State v. Ashby*, 2008 MT 83, ¶¶ 8-9, 342 Mont. 187, ¶¶ 8-9, ___ P.3d ___, ¶¶ 8-9, provides that we will review certain criminal sentences for both legality and abuse of discretion. We noted in *Ashby* that the sentencing statutes allow for conditions of probation that constitute "reasonable restrictions" necessary for either an offender's rehabilitation or for the protection of the victim or society. *Ashby*, ¶ 9 (citing § 46-18-201(4), MCA). Our analysis in *Ashby* acknowledged that a sentence always must remain within the parameters of a statute. *Ashby*, ¶ 8. We first review a condition of probation for legality. *Ashby*, ¶ 9. We then will review a condition of probation for an abuse of discretion. *Ashby*, ¶ 9.

## DISCUSSION

¶10 Teets argues that the alcohol restrictions included by the District Court constitute illegal conditions. He asserts that alcohol has no relation to his underlying offense. He points out that the District Court imposed the alcohol-related conditions despite the fact that Teets's history provides no evidence of alcohol abuse.

¶11 A sentencing court may impose conditions of probation that have a sufficient nexus to either the underlying offense or the offender. *Ashby*, ¶ 15. We have determined that a sufficient nexus exists between alcohol restrictions and drug-related offenses. *State v. Winkel*, 2008 MT 89, ¶ 14, 342 Mont. 267, ¶ 14, ___ P.3d ___, ¶ 14. We concluded in *Winkel* that the sentencing court did not err when it imposed conditions prohibiting Winkel from possessing or ingesting intoxicants and requiring Winkel to submit to alcohol testing in light of his convictions for the possession of a dangerous drug and drug paraphernalia.

4

*Winkel*, ¶ 14. We stated that the restrictions reasonably related to the interests of rehabilitating the offender and protecting society. *Winkel*, ¶ 14.

¶12 Teets pled guilty to fraudulently obtaining dangerous drugs, a felony. The District Court had the authority to impose on Teets a sentence that would both rehabilitate him and protect society. Section 46-18-201(4), MCA. The pre-sentence report noted that Teets allegedly did not abuse alcohol or drugs. The report revealed, however, that Teets had given deceptive responses regarding his attempt to obtain by fraudulent means prescription drugs far in excess of the prescribed quantity. The District Court did not impose the alcohol restrictions as standard conditions. The court expressly included the alcohol restrictions to address the drug-related nature of Teets's offense. We conclude that the alcohol conditions included in Teets's sentence had a sufficient nexus to his underlying offense. *Winkel*, ¶ 14.

¶13 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ KARLA M. GRAY
/S/ JIM RICE
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER

5