JUSTICE NELSON,
concurring in part and dissenting in part.
*101 ¶19 I concur in the Court’s decision to reverse the District Court’s imposition of Condition 12. I dissent, however, from the Court’s treatment of the other four conditions challenged by Stiles and, more generally, from the Court’s new approach with respect to reviewing the legality of sentencing conditions.
¶20 Stiles challenges five conditions imposed by the District Court on his suspended sentence: no drugs or drug paraphernalia (Condition 10); no alcohol or intoxicants, plus mandatory testing for drugs and alcohol (Condition 12); no electronic scanning devices (Condition 20); no casinos or games of chance (Condition 21); and random or routine testing for drugs and alcohol (Condition 26). When this Court reviews a condition on a deferred or suspended sentence, “the threshold question is whether the imposition of [the condition] constituted an illegal sentencing condition.” State v. Nelson, 2008 MT 359, ¶ 27, 346 Mont. 366, ¶ 27, 195 P.3d 826, ¶ 27 (citing State v. Ashby, 2008 MT 83, ¶ 9, 342 Mont. 187, ¶ 9, 179 P.3d 1164, ¶ 9). If the condition is legal, we then determine whether the district court abused its discretion in imposing the condition. Nelson, ¶ 20 (citing Ashby, ¶ 9).
¶21 The Court acknowledges that this is our established approach. Opinion, ¶ 7 (“[W]e first review de novo the legality of the probation conditions; we then review the conditions’ reasonableness for abuse of discretion.”). The Court further acknowledges that we review a probation condition that is allegedly illegal even if the defendant failed to object to the condition in the district corut. Opinion, ¶ 11 (citing State v. Lenihan, 184 Mont. 338, 343, 602 P.2d 997, 1000 (1979)). For this reason, Stiles is entitled to have Conditions 10, 12, 20, 21, and 26 reviewed for legality.
¶22 The Court, however, fails to provide a cogent analysis of whether these conditions are legal. The Court merely offers the conclusory and nebulous observation that the conditions Stiles challenges “are similar to” those we reviewed in Ashby. Opinion, ¶ 14. In this connection, the Court notes that the probation conditions at issue in Ashby “implicitly]” passed the threshold question of legality, apparently because they were imposed pursuant to §§ 46-18-201(4)(o) and - 202(1)(f), MCA. Opinion, ¶ 14. These statutes authorize a sentencing court to impose on a deferred or suspended sentence any reasonable restrictions or conditions related to the objectives of rehabilitation and the protection of the victim or society. Thus, what the Court effectively holds today is that any probation condition that is “similar to” those we reviewed in Ashby and that was imposed pursuant to § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA, is per se legal.
*102 ¶23 I disagree with this approach for two reasons. First, the Court errs in holding that a condition is per se legal simply because it is “similar to” those we reviewed in Ashby and was imposed pursuant to § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA. Second, in adopting this new approach to legality review, the Court explicitly relegates our traditional legality test-the nexus test-to the second, abuse of discretion prong of our standard of review. Opinion, ¶ 13. In other words, the Court holds that the nexus requirement is a limit on the sentencing court’s discretion, not its authority. For the reasons which follow, this new approach contradicts years of precedent and is inconsistent with the language of the statutes.
¶24 It is beyond dispute that a sentencing judge “has no power to impose a sentence in the absence of specific statutory authority.” State v. Hatfield, 256 Mont. 340, 346, 846 P.2d 1025, 1029 (1993); accord State v. Hicks, 2006 MT 71, ¶ 41, 331 Mont. 471, ¶ 41, 133 P.3d 206, ¶ 41. Accordingly, when a challenge to a sentencing condition is raised, the “threshold question,” as noted above, is whether the condition is statutorily authorized.
¶25 There are no provisions in the sentencing statutes explicitly authorizing conditions of the sort at issue here-namely, no drugs, no alcohol, no gambling and casinos, no electronic scanning devices, and mandatory alcohol and drug testing. Rather, the presumed authority to impose these conditions is found in §§ 46-18-201(4)(o) and -202(1)(f), MCA. See Opinion, ¶¶ 10, 14. The former authorizes a sentencing judge to impose “any . . . reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society.” Section 46-18-201(4)(o), MCA. Similarly, the latter authorizes a sentencing judge to impose “any... limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society.” Section 46-18-202(1)(f), MCA.
¶26 The authority to impose “reasonable” restrictions that are “necessary for” or “reasonably related to” the objectives of rehabilitation and the protection of the victim or society is certainly broad. Before today, however, that authority has not been without limit. Indeed, we stated exactly that in State v. Ommundson, 1999 MT 16, 293 Mont. 133, 974 P.2d 620: “Although this grant of sentencing authority is broad, it is not without limit.” Ommundson, ¶ 11. Consequently, in order to determine whether a condition imposed pursuant to § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA, is statutorily authorized, we must first determine what the “limit” on the authority granted by these statutes is.
*103 ¶27 The answer to this question is not immediately obvious, since the authority granted by §§ 46-18-201(4)(o) and -202(1)(f), MCA, is totally amorphous. What makes a condition “reasonable” and “necessary for” or “reasonably related to” the objectives of rehabilitation and the protection of the victim or society? Clearly, the answer to this question varies from case to case. Thus, unlike conditions whose legality can be assessed facially by asking, “Is there statutory authority for this condition?” (see e.g. State v. Stephenson, 2008 MT 64, ¶¶ 14-33, 342 Mont. 60, ¶¶ 14-33, 179 P.3d 502, ¶¶ 14-33), determining the legality of conditions imposed under § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA, by contrast, necessarily requires some sort of test that applies legal standards to factual underpinnings.
¶28 We articulated that test in Ommundson:
We hold that, in order to be “reasonably related to the objectives of rehabilitation and protection of the victim and society,” a sentencing limitation or condition must have... some correlation or connection to the underlying offense for which the defendant is being sentenced.
Ommundson, ¶ 11 (citation omitted). Thus, we held in Ommundson that the “limit” on a sentencing court’s “broad” authority to impose a “reasonable” restriction in the name of offender rehabilitation and the protection of the victim or society is this: a “correlation or connection” (also referred to as a “nexus”) must exist between the condition and the underlying offense for which the defendant is being sentenced. Accordingly, a condition that does not have a nexus to the underlying offense is not reasonably related to the objectives of rehabilitation and protection of the victim or society and, thus, is not statutorily authorized. See McDermott v. McDonald, 2001 MT 89, ¶ 18, 305 Mont. 166, ¶ 18, 24 P.3d 200, ¶ 18 (“The ‘correlation or connection’ standard, therefore, was based on a specific statutory limitation on the district court’s sentencing authority.”). And if the condition is not statutorily authorized, it is not legal. See State v. Brotherton, 2008 MT 119, ¶ 10, 342 Mont. 511, ¶ 10, 182 P.3d 88, ¶ 10 (“A sentencing condition is illegal if the sentencing court lacked statutory authority to impose it . . . .”).
¶29 Following Ommundson, we repeatedly reaffirmed that to be “legal,” a condition of sentence must have a “nexus” to the underlying offense. In State v. Armstrong, 2006 MT 334, 335 Mont. 131, 151 P.3d 46, for instance, we explained that “a limitation or condition in a sentence must have a correlation or connection to the underlying offense. Stated differently, to be legal, a condition of sentence must *104 have a nexus to the conviction.” Armstrong, ¶ 11 (citation omitted); accord State v. Marshall, 2007 MT 218, ¶ 20, 339 Mont. 50, ¶ 20, 170 P.3d 923, ¶ 20. Likewise, in State v. Herd, 2004 MT 85, 320 Mont. 490, 87 P.3d 1017, we acknowledged that “a condition of sentence must have a nexus with the conviction in order for it to be a legal condition of sentence.” Herd, ¶ 17; accord State v. Greeson, 2007 MT 23, ¶ 12, 336 Mont. 1, ¶ 12, 152 P.3d 695, ¶ 12. Similarly, in State v. Lucero, 2004 MT 248, 323 Mont. 42, 97 P.3d 1106, we observed that “in order to be ‘reasonably related to the objectives of rehabilitation and protection of the victim and society,’ as required by § 46-18-202(1)(e), MCA, a sentencing limitation or condition must have some correlation to the underlying offense for which the defendant is being sentenced.” Lucero, ¶ 30. And, in State v. McIntire, 2004 MT 238, 322 Mont. 496, 97 P.3d 576, we held that the sentencing court had “statutory authority” under § 46-18-202(1)(f), MCA, to order the defendant to pay restitution because there was a “connection and correlation” between his offense and the pecuniary loss to the victim. McIntire, ¶¶ 18-19. But in State v. Horton, 2001 MT 100, 305 Mont. 242, 25 P.3d 886, and State v. Setters, 2001 MT 101, 305 Mont. 253, 25 P.3d 893, we held that the sentencing court had “exceeded its statutory authority” in making the payment of child support (Horton) and restitution (Setters) a condition of sentence, since there was no “correlation or connection” between the underlying offenses and these conditions. Horton, ¶¶ 28-29; Setters, ¶¶ 27-28; accord State v. Erickson, 2005 MT 276, ¶ 37, 329 Mont. 192, ¶ 37, 124 P.3d 119, ¶ 37.
¶30 In State v. Ashby, 2008 MT 83, 342 Mont. 187, 179 P.3d 1164, we concluded that it was appropriate to “expand Ommundson’s ‘nexus’ rule to include a nexus to either the offense or the offender, rather than to the offense alone.” Ashby, ¶ 7. First, we recited the Ommundson rule:
“Although this grant of sentencing authority [to impose limitations ‘reasonably related to the objectives of rehabilitation and the protection of the victim and society’] is broad, it is not without limit. We hold that, in order to be ‘reasonably related to the objectives of rehabilitation and protection of the victim and society,’ ... a sentencing limitation or condition must have . . . some correlation or connection to the underlying offense for which the defendant is being sentenced.”
Ashby, ¶ 14 (ellipses in Ashby) (quoting Ommundson, ¶ 11). We then held that a sentencing judge may impose a particular condition of probation so long as the condition has a nexus either to the offense for *105 which the offender is being sentenced or to the offender himself or herself. Ashby, ¶ 15. Essentially, we decided that our original interpretation in Ommundson of a sentencing court’s authority under §§ 46-18-201(4)(o) and -202(1)(f), MCA, had been too narrow.
¶31 Accordingly, after Ashby, the authority of a sentencing court to impose a “reasonable” restriction in the name of offender rehabilitation and the protection of the victim or society is still “not without limit,” but the authority is not as limited as it was under Ommundson. Now, the sentencing court has authority to impose a restriction that has a nexus either to the underlying offense for which the defendant is being sentenced or to the offender himself or herself. Ashby, ¶ 15. The existence of this nexus determines whether the sentencing court exceeded its statutory authority and, thus, whether the condition at issue is illegal. Indeed, we applied the nexus test precisely for this purpose in several post-Ashby cases.
¶32 In State v. Winkel, 2008 MT 89, 342 Mont. 267, 182 P.3d 54, Winkel claimed that the condition prohibiting him from possessing or ingesting intoxicants was “illegal” because alcohol played no role in his offense. Winkel, ¶ 13. We concluded otherwise, reasoning that because the condition “has a nexus to both the underlying crime and the offender,” the condition “is within the parameters set by § 46-18-202(1)(f), MCA.” Winkel, ¶ 16. We reached the same conclusion with respect to the no-casinos condition, stating that it “is also within the parameters set by § 46-18-202(1)(f), MCA, and Ommundson.” Winkel, ¶ 20. Our use of the word “parameters” in relation to our analysis under the nexus test indicates unmistakably that we were using that test to determine whether the condition was legal, not whether the district court had abused its discretion in imposing it. See State v. Hameline, 2008 MT 241, ¶ 8, 344 Mont. 461, ¶ 8, 188 P.3d 1052, ¶ 8 (‘We review a sentencing condition for legality, determining whether the condition is within statutory parameters.”).
¶33 In State v. Deshazo, 2008 MT 131, 343 Mont. 77, 183 P.3d 47, and State v. Teets, 2008 MT 130, 343 Mont. 73, 183 P.3d 45, the defendants contended that the alcohol restrictions on their sentences constituted “illegal” conditions because alcohol had no relation to their respective underlying offenses. Deshazo, ¶ 9; Teets, ¶ 10. We rejected these contentions based on our application of the nexus test. See Deshazo, ¶¶ 10-12; Teets, ¶¶ 11-12. We also applied the nexus test to determine whether the conditions at issue were “illegal” in In re D.A.S., 2008 MT 168, 343 Mont. 360, 184 P.3d 349, State v. Greensweight, 2008 MT 185, 343 Mont. 474, 187 P.3d 613, State v. Lessard, 2008 MT 192, 344 Mont. *106 26, 185 P.3d 1013, and State v. Hinkle, 2008 MT 217, 344 Mont. 236, 186 P.3d 1279. See D.A.S., ¶¶ 9-15; Greensweight, ¶¶ 21, 23, 29; Lessard, ¶¶ 21-27, 32, 36; Hinkle, ¶¶ 17-20.
¶34 In State v. Brotherton, 2008 MT 119, 342 Mont. 511, 182 P.3d 88, we observed that §§ 46-18-201(4)(n) and -202(1)(f), MCA (2005), were the statutory authority for the no-intoxicants condition at issue. Brotherton, ¶ 14. We then explained that in order to be authorized by these statutes, the condition must have a nexus either to the offense for which the offender is being sentenced or to the offender himself or herself. See Brotherton, ¶¶ 15-17. We then proceeded to analyze the condition, concluding that it “has a sufficient nexus to Brotherton’s unique background and characteristics,” that it thus “is a reasonable restriction necessary for Brotherton’s rehabilitation,” and that it accordingly “is legal under §§ 46-18-201(4) and -202(1)(f), MCA.” Brotherton, ¶ 24. Thereafter, we further observed that, “in light of the factual circumstances of this case,... the District Court did not abuse its discretion in imposing this condition.” Brotherton, ¶ 24.
¶35 It makes logical sense to use the nexus test for determining whether a challenged condition is legal under §§ 46-18-201(4)(o) and -202(1)(f), MCA-i.e., whether it is a “reasonable” restriction “necessary for” or “reasonably related to” the objectives of rehabilitation and the protection of the victim or society-and then to apply the abuse of discretion standard for determining whether the condition is excessive in terms of harshness or duration. Indeed, that is exactly the approach we adopted in State v. Herd, 2004 MT 85, 320 Mont. 490, 87 P.3d 1017.
¶36 In Herd, the district court gave the defendant two 20-year suspended sentences, to run consecutively. One of the conditions on the sentences barred Herd from driving a motor vehicle during the entire 40-year term. See Herd, ¶ 9. Herd challenged this condition on appeal. At the outset, we noted that “a condition of sentence must have a nexus with the conviction in order for it to be a legal condition of sentence.” Herd, ¶ 17 (citing, among others, Ommundson, ¶ 11). Herd conceded that the driving restriction was legal, since there was a nexus between this condition and her underlying offense of negligent homicide (which had resulted from her lack of care while driving). Herd, ¶¶ 17, 24. Instead, Herd argued that the length of the driving suspension, while not explicitly forbidden by statute, was excessive. Herd, ¶ 24. She asked this Court “to determine whether a condition of sentence can bear a relationship to the underlying offense, yet exceed reasonableness in its harshness or duration.” Herd, ¶ 17. We answered this question in the affirmative. We concluded that imposition of a 40- *107 year driving prohibition would ultimately impair the prospects of Herd’s rehabilitation by drastically inhibiting her ability to make a living, to serve the needs of her family, and to pay court-ordered restitution. We accordingly held that the district court had abused its discretion in imposing this “lengthy” restriction on Herd’s ability to drive. Herd, ¶ 25.
¶37 Thus, to summarize, we have long applied the nexus test to determine whether a condition of sentence is legal-i.e., whether it is “necessary for” or “reasonably related to” the objectives of rehabilitation and the protection of the victim or society, §§ 46-18-201(4)(o) and -202(1)(f), MCA-and we have applied the abuse of discretion standard to determine whether the condition is excessive in terms of its harshness or duration.
¶38 Notwithstanding these decisions and our unambiguous statement in Ommundson that a sentencing court’s broad authority under §§ 46-18-201(4)(o) and -202(1)(f), MCA, is “limited” by the nexus requirement, the Court today announces an entirely new approach. Specifically, the Court holds that the nexus test determines whether the sentencing court abused its discretion in imposing the challenged condition, not whether the condition is statutorily authorized in the first place. Opinion, ¶ 13. Yet, in abandoning our traditional test for determining legality, the Court provides nothing constructive in its stead, i.e., no practical method for determining whether a condition falls within the parameters of §§ 46-18-201(4)(o) and -202(1)(f), MCA. The Court simply states that any probation condition which is “similar to” those we reviewed in Ashby and which was imposed under these statutes is legal. Opinion, ¶¶ 14, 17. In so doing, the Court implicitly rejects the notion that a no-alcohol, a no-gambling, or a drug-testing condition might be legal in some cases and illegal in others. Moreover, the Court effectively rewrites ¶ 11 of Ommundson to say: “The grant of sentencing authority to impose limitations ‘reasonably related to the objectives of rehabilitation and the protection of the victim and society’ is broad, and it is without limit.”
¶39 The Court attempts to recast Ommundson as resting on something other than legality grounds. Opinion, ¶ 12. The Court points out that we refused to review a condition to which Ommundson did not object in the district court. See Ommundson, ¶ 2. Yet, after stating that we would not review this particular condition, we then stated the issue before us as follows: “The sole issue before this Court, then, is whether the District Court had authority to impose the condition that Ommundson participate in a sex offender treatment program.” *108 Ommundson, ¶ 2 (emphasis added). It is abundantly clear from this statement that our analysis in Ommundson concerned a sentencing court’s “authority” under the statutes. Indeed, we have previously explained our holding in Ommundson as follows:
In Ommundson, this Court held that the statutory requirement that a sentence be “reasonably related to the objectives of rehabilitation and protection of the victim and society,” requires that any sentencing limitation or condition have some “correlation or connection to the underlying offense for which the defendant is being sentenced.” Ommundson, ¶ 11. The “correlation or connection” standard, therefore, was based on a specific statutory limitation on the district court’s sentencing authority.
McDermott v. McDonald, 2001 MT 89, ¶ 18, 305 Mont. 166, ¶ 18, 24 P.3d 200, ¶ 18 (emphasis added).
¶40 The Court cites ¶¶ 9, 22, and 23 of Ashby in support of its new approach. See Opinion, ¶ 13. Admittedly, there is language in these paragraphs which could be interpreted as placing the nexus test under the second, abuse of discretion prong of our standard of review. However, that is not how I understood Ashby at the time I signed it-as my opinions, for a unanimous Court, in Brotherton, Greensweight, and Lessard reflect. Moreover, there is nothing in Ashby to suggest that we were consciously, deliberately, and explicitly abandoning nine years of applying the nexus analysis as a legality test-which the Court confirms today by its use of the word “implicit” to describe our reasoning in Ashby. See Opinion, ¶ 14. It is troubling to think that we would abandon our well-settled approach with no supporting analysis or explanation whatsoever, particularly since we had just reaffirmed that approach twice during the previous year. See State v. Greeson, 2007 MT 23, ¶ 12, 336 Mont. 1, ¶ 12, 152 P.3d 695, ¶ 12 (“[A] probation condition must have a sufficient nexus with the conviction to constitute a legal condition of sentence.”); State v. Marshall, 2007 MT 218, ¶ 20, 339 Mont. 50, ¶ 20, 170 P.3d 923, ¶ 20 (“[T]o be legal, a condition of sentence must have a nexus to the conviction.”). Rather, the primary purpose of our Ashby decision was to expand the nexus test to include the offender, not just the offense. Given that Ashby did not involve a challenge to a probation condition to which the appellant had not objected in the district court, it is clear that the Court today overreads Ashby’s actual holding and transforms dicta into law.
¶41 The Court’s confusion appears to derive from the Legislature’s use of the terms “reasonable” in § 46-18-201(4)(o), MCA (“any other reasonable restrictions or conditions considered necessary for *109 rehabilitation or for the protection of the victim or society”), and “reasonably related” in § 46-18-202(1)(f), MCA (“any other limitation reasonably related to the objectives of rehabilitation and the protection of the victim and society”)- These statutes contain a “reasonableness” requirement built in to the authority granted to the sentencing court. In other words, “reasonableness” itself is the explicit statutory limit on the sentencing court’s authority. Our nexus test has long been the measure of that reasonableness, which the Court acknowledges in ¶ 10 of the Opinion. Accordingly, when we apply the nexus test, we are essentially determining whether the condition falls within the parameters of §§ 46-18-201(4)(o) and -202(1)(f), MCA, not whether the sentencing court abused its discretion.
¶42 It is for this reason that the following statement in Ashby (which the Court quotes in ¶ 13 of the Opinion) is somewhat inaccurate:
[B]ecause sentencing statutes authorize sentencing judges to impose conditions on deferred or suspended sentences that constitute “reasonable restrictions or conditions considered necessary for rehabilitation or for the protection of the victim or society,” the “reasonableness” of such conditions will be reviewed for an abuse of discretion.
Ashby, ¶ 9 (footnote omitted). It is self-evident that if the sentencing statutes “authorize” only those conditions which are “reasonable” and “necessary for rehabilitation or for the protection of the victim or society,” then any conditions which are not “reasonable” and “necessary for rehabilitation or for the protection of the victim or society’ are not authorized by these statutes. This is a matter of legality — not discretion — since a sentencing court has discretion to impose only those conditions that are statutorily authorized in the first place. Thus, it makes no sense to say, as the Court does today, that the question of whether the challenged condition meets the statutory requirements of being “reasonable” and “necessary for rehabilitation or for the protection of the victim or society’ is reviewed for an abuse of discretion. If it does not meet these explicit statutory requirements, then it is illegal and need not be reviewed for abuse of discretion.
¶43 In sum, we review a sentencing condition for legality by determining whether it is statutorily authorized and within statutory parameters. Brotherton, ¶ 10; Hameline, ¶ 8. The parameters of §§ 46-18-201(4)(o) and -202(1)(f), MCA, are set forth in these statutes: The condition must be “reasonable” and “necessary for” or “reasonably related to” the objectives of rehabilitation and the protection of the victim or society. These are the actual words used in the statutory *110 language defining the authority of the sentencing court. We interpreted and gave concrete meaning to these parameters in Ommundson by requiring a nexus between the condition and the underlying offense. We reinterpreted these parameters in Ashby and concluded that they include a nexus between the condition and the offender as well. Sentencing courts, therefore, have had a clear and unambiguous statement from this Court as to what conditions fall within the statutory parameters of §§ 46-18-201(4)(o) and -202(1)(f), MCA: a condition having a nexus to either the underlying offense or the offender is within statutory parameters, and a condition not having a nexus to either the underlying offense or the offender is outside statutory parameters. After today’s decision, however, there is no sensible test at all to tell us whether a condition imposed pursuant to § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA, falls outside statutory parameters and, thus, is illegal.
¶44 Admittedly, whether our nexus test is applied under the first, legality prong or the second, abuse of discretion prong of our standard of review ultimately makes little difference in run-of-the-mill cases where the defendant has objected to the condition in the district court. But in a case such as the one at hand, where the defendant did not object to the condition, relegation of the nexus test to the second prong of our standard of review makes all the difference. The ultimate result of today’s decision is that Stiles receives no real review whatsoever-neither for legality nor for abuse of discretion-of Conditions 10, 20, 21, and 26. He is not entitled to review for abuse of discretion because he did not object to these conditions in the District Court (a point of the Court’s Opinion with which I agree). But he is entitled to review for legality. Opinion, ¶ 11. Yet, he is not receiving proper legality review since we no longer have a workable test for determining whether a condition imposed under § 46-18-201(4)(o), MCA, or § 46-18-202(1)(f), MCA, falls within statutory parameters.
¶45 Notably, in making his argument to this Court, Stiles relies on our statement in State v. Greeson, 2007 MT 23, 336 Mont. 1, 152 P.3d 695, that “a probation condition must have a sufficient nexus with the conviction to constitute a legal condition of sentence,” Greeson, ¶ 12, and our statement in State v. Armstrong, 2006 MT 334, 335 Mont. 131, 151 P.3d 46, that “to be legal, a condition of sentence must have a nexus to the conviction,” Armstrong, ¶ 11. Indeed, he quotes this language in his brief as support for his claim that Conditions 10, 12, 20, 21, and 26 are “illegal” because they “had no nexus to the facts of this case.” The Court, however, announces that we did not mean what *111 we actually said in Greeson, Armstrong, and the myriad cases stating the same rule. Rather, according to the Court, what we meant in all those cases-though we did not actually say it-was that the nexus requirement is a limit on discretion, not legality. Opinion, ¶¶ 12-13. On this basis, the Court dismisses Stiles’s nexus arguments with respect to all but Condition 12.1 cannot agree with this bait and switch.
¶46 Lastly, while I disagree with the Court’s decision to relegate our nexus test to the abuse of discretion prong of our standard of review, it concerns me more that the Court leaves a gaping void in the legality prong where the nexus test once stood. If the nexus test no longer determines whether the challenged condition is statutorily authorized, then this Court must supply a workable replacement or articulate a new interpretation of the statutory parameters as we did in Ommundson. It is wholly inadequate to assert merely that the probation conditions Stiles challenges “are similar to those . . . reviewed on appeal in Ashby, in that the conditions were imposed under the ‘reasonable restrictions or conditions’ relating to rehabilitation and the protection of the victim and society as set forth in § 46-18-201(4)(o), MCA, and § 46-18-202(1)(f), MCA.” Opinion, ¶ 14.
¶47 It is also troubling that the Court creates confusion in our caselaw by ignoring the numerous cases which applied the nexus analysis as a legality test. While the Court attempts to recast the holdings of some of these cases as resting on abuse of discretion grounds (see Opinion, ¶ 12), the Court’s assertions in this regard are not supported by the actual language of the cases. Rather, what the Court does here is implicitly overrule all of the cases discussed in ¶¶ 28-29 and 32-36 above.
¶48 In conclusion, at the time we decided Ashby, we were facing review of “numerous cases” seeking clarification or broadening of the Ommundson rule. See Ashby, ¶ 15. Indeed, throughout mid to late 2007, the State routinely asked this Court in probation-condition appeals either to overrule or to broaden the Ommundson rule. We accordingly undertook “detailed review and analysis” of the parties’ arguments and the factual scenarios in each of those cases. See Ashby, ¶ 15. At the conclusion of this detailed review and analysis, we attempted-once and for all-to clarify exactly how this Court would review probation conditions. We then proceeded to apply that approach in several unanimous, post-Ashby decisions. Today, in one fell unanalyzed swoop, the Court undoes what we accomplished in Ashby and injects confusion back into our caselaw. As a result, we can expect to see yet more cases “seeking clarification” of the Ommundson-Ashby *112 rule. What’s more, we can expect to see the same arguments by the State that we rejected in Ashby-all based on the premise that sentencing courts have “unlimited” authority to impose whatever conditions the prosecution and the Department of Corrections ask for and the court happens to agree with. Quite simply, we have taken the sideboards off the district courts’ sentencing authority that we imposed in Ommundson and refined in Ashby.
¶49 Yet, §§ 46-18-201(4)(o) and -202(1)(f), MCA, do not give sentencing courts the authority to impose “any condition they want.” Rather, the statutes give the courts authority to impose “reasonable” conditions that are “necessary for” and “reasonably related to” the objectives of rehabilitation and the protection of the victim or society. This statutory language is itself the “limit” on the authority of sentencing courts to impose conditions under these statutes. Ommundson, ¶ 11. The nexus test, as expanded in Ashby, was a sensible and workable interpretation of this limit. The rule of NercZ-namely, reviewing a condition that is otherwise legal to determine if the condition is excessive in terms of harshness or duration-is a sensible and workable approach under the second prong of our standard of review. I disagree with the Court’s conversion of the nexus test into a measure of discretion, leaving nothing in its stead for determining whether the challenged condition is legal in the first place.
¶50 I concur in the Court’s decision to reverse the imposition of Condition 12.1 dissent as to the remainder of the Court’s Opinion.