FILED

01/19/2021

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 18-0702

DA 18-0702

IN THE SUPREME COURT OF THE STATE OF MONTANA

2021 MT 11N

STATE OF MONTANA,

Plaintiff and Appellee,

v.

BENJAMIN LEE ROSE,

Defendant and Appellant.

APPEAL FROM:    District Court of the First Judicial District,
In and For the County of Lewis and Clark, Cause No. CDC 2017-270
Honorable Kathy Seeley, Presiding Judge

COUNSEL OF RECORD:

For Appellant:

Chad Wright, Appellate Defender, Gregory Hood, Assistant Appellate
Defender, Helena, Montana

For Appellee:

Austin Knudsen, Montana Attorney General, Michael Dougherty, Assistant
Attorney General, Helena, Montana

Leo J. Gallagher, Lewis and Clark County Attorney, Stephanie Robles,
Melissa Broch, Deputy County Attorneys, Helena, Montana

Submitted on Briefs:  December 9, 2020

Decided:  January 19, 2021

Filed:

_____
Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Benjamin Lee Rose (Rose) appeals from a November 5, 2018 Amended Judgment and Commitment ordering him to pay restitution in the amount of $1,939. We affirm.

¶3     Rose moved in with his partner Autumn Daniels (Daniels) and her two daughters S.D. and M.D. in 2007. Rose and Daniels had two sons together, J.R. and B.R. After S.D. informed a school official of sexual assault by Rose, S.D. and M.D. were taken to the Lewis and Clark Child Advocacy Center of AWARE, Inc. (AWARE) for forensic interviews. AWARE provides services to child victims of crime and abuse, such as "child-friendly forensic interviewing," connecting children with specially trained mental health and medical providers, and helping children and families navigate the child protection and criminal justice systems. At these interviews, S.D. and M.D. disclosed that they had been sexually assaulted by Rose. Subsequently, J.R. and B.R. were also interviewed by AWARE, though no charges resulted from those interviews.

¶4     Rose was convicted of sexual intercourse without consent as to S.D. and M.D. and sexual assault as to M.D. A presentence investigation report (PSI) listed AWARE as a party requesting restitution. An attached letter from AWARE stated that it had conducted

2

forensic interviews with both S.D. and M.D. as well as with Rose's sons, B.R. and J.R. The letter from AWARE stated that the rate for each child forensic interview and associated services was $300. After tallying restitution amounts awarded to the Montana Crime Victim Compensation Program, to Daniels, and the $1,200 requested by AWARE, the PSI recommended a total restitution amount of $1,939. At sentencing, the District Court engaged in the following brief discussion with Rose's defense counsel, Mariah Eastman:

> Court: We didn't discuss the restitution. Ms. Eastman, what is his position on restitution?
>
> Eastman: Judge, it looks like the restitution is well documented. I have no objection.
>
> Court: All right. So the restitution amount of, it appears to be $1400 will be imposed, as set forth in the presentence investigation.

¶5 The subsequent written Judgment and Commitment Order stated that the restitution amount was $1,349. The State then moved the District Court to amend the restitution amount to $1,939, citing "inadvertent typographical error." The District Court issued an Amended Judgment ordering Rose to pay restitution in the amount of $1,939.

¶6 On appeal, Rose argues that the District Court erred by awarding $1,200 in restitution to AWARE, contending that AWARE was not a statutorily-defined "victim." In the alternative, Rose maintains that the $600 of AWARE's restitution award designated for the interviews of B.R. and J.R. was improper, as they were not alleged victims in this case. Finally, Rose claims that the District Court improperly increased the restitution amount to $1,939 in the Amended Judgment without affording him an opportunity to be heard on the matter.

3

¶7 We review criminal sentences for legality, determining whether the sentence is within statutory parameters. *State v. Johnson*, 2000 MT 290, ¶ 13, 302 Mont. 265, 14 P.3d 480; *State v. McIntire*, 2004 MT 238, ¶ 13, 322 Mont. 496, 97 P.3d 576. The inquiry is a question of law, reviewed de novo for correctness. *Johnson*, ¶ 13.

¶8 Rose argues that AWARE is not a "victim" as defined by § 46-18-243(2), MCA, and is therefore not eligible to receive restitution for the cost of conducting forensic interviews associated with this case. Rose does not contend that the District Court failed to undertake the necessary findings and considerations required by statute; rather, he argues that the resulting sentence itself was illegal under §§ 46-18-241 and -243, MCA, regardless of the procedures followed by the sentencing court.

¶9 Offenders are required to pay restitution to "any victim who has suffered pecuniary loss, including a person suffering an economic loss." Section 46-18-241, MCA. A "victim," is defined as "a person who suffers loss of property, bodily injury, or death as a result of . . . the commission of an offense." Section 46-18-243(2)(a)(i), MCA.

¶10 The State contends that we should not review the issue as Rose did not object to it below and thus has waived the issue on appeal. Under the facts of this case we agree with the State's contention. When counsel advised the Court that the restitution amount was well documented and that she had no objection, the arguments raised by appellant were waived.

¶11 Rose also challenges the Amended Judgment, which entered the amount of restitution as $1,939 after the District Court's oral pronouncement of $1,400 and subsequent written judgement of $1,349. A judgment is unlawful if it substantively

4

increases the defendant's property loss without affording the defendant a sufficient opportunity to respond. *Johnson*, ¶ 24. Here, however, Rose had an opportunity to respond to the increased amount, and defense counsel had agreed to the amount of $1,939. The PSI requested $1,939 in restitution, and the defendant acquiesced. When the District Court later corrected its erroneous judgments to reflect this amount, defense counsel had therefore already had an opportunity to respond. The amended increase in restitution was proper under *Johnson*. *See also* § 46-18-116(3), MCA ("The court may correct a factually erroneous sentence or judgment at any time.").

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶13 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ LAURIE McKINNON
/S/ DIRK M. SANDEFUR
/S/ INGRID GUSTAFSON
/S/ JIM RICE